**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARNELL JOHNSON,<br>*Plaintiff*,<br><br>v.<br><br>ROBERT GREENE, JR.,<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:25-cv-01617 (KAD)<br><br><br><br><br>AUGUST 20, 2026 |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Kari A. Dooley, U.S.D.J.

Marnell Johnson ("Plaintiff"), a federal inmate currently incarcerated at FCI Fort Dix in New Jersey,[1] filed a Complaint *pro se* bringing claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendant, Robert Greene, Jr. ("Defendant"), a doctor at FCI Danbury. ECF No. 1, ¶¶ 1, 6. Plaintiff alleges that Defendant was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment when he was incarcerated at FCI Danbury. *Id.* ¶ 1. For purposes of initial review, the Court permitted the Eighth Amendment claim to proceed. ECF No. 11, at 9. Pending before the Court is Defendant's Motion for Summary Judgment asserting: (1) that Plaintiff failed to exhaust his administrative remedies before filing his Complaint, and (2) that Plaintiff's medical records establish conclusively that "there was no deliberate indifference to [Plaintiff's] serious medical needs" as alleged in the Complaint. ECF No. 17, at 1. Plaintiff did not respond to the motion. The Court has reviewed the Motion, the facts contained in Defendant's Local Rule 56(a)1 statement, ECF No. 17-1, Defendant's exhibits, ECF Nos. 17-4 to 17-10, 18, 18-1, 18-2, and the

[1] *See* BOP, *Inmate Locator*, https://www.bop.gov/inmateloc (Reg. No. 73519-050) (last visited Aug. 3, 2026). The Court may take judicial notice of content on the BOP's Inmate Locator website. *See United States v. Rivera*, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate locator information).

rest of the record in this matter. For the reasons that follow, Defendant's Motion for Summary Judgment is **GRANTED**.

**Undisputed Facts**

Local Rule 56(a)1 provides that a party moving for summary judgment must file "a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." D. Conn. L. Civ. R. 56(a)1. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 statement and indicating whether the opposing party admits or denies the facts set forth by the moving party. D. Conn. L. Civ. R. 56(a)2. Each denial must include a specific citation to an affidavit or other admissible evidence. D. Conn. L. Civ. R. 56(a)3. Defendant informed Plaintiff of this requirement. *See* ECF No. 17-3. Defendant filed a Rule 56(a)1 statement, ECF No. 17-1, but Plaintiff did not submit a submit a Local Rule 56(a)2 statement or otherwise respond to Defendant's motion.

That Plaintiff "is unrepresented does not excuse him from complying with the Court's procedural and substantive rules." *Rashid v. Kurtulus*, No. 23-CV-722 (VDO), 2024 WL 4111610, at *1 (D. Conn. Sept. 6, 2024). Thus, the facts contained in Defendant's Local Rule 56(a)1 statement, where supported by evidence of record, are deemed admitted. *See* D. Conn. L. Civ. R. 56(a)3. Accordingly, the Court recites below the relevant facts taken from Defendant's Local Rule 56(a)1 statement.[2]

---

[2] When a plaintiff does not submit a Local Rule 56(a)2 statement, a court may nonetheless consider the allegations in a verified complaint when determining whether there is a genuine dispute of material fact. *See Otero v. Purdy*, No. 3:19-CV-1688 (VLB), 2021 WL 4263363, at *1 n.1 (D. Conn. Sept. 20, 2021) (noting that, in addition to "(1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial[,]" D. Conn. L. Civ. R. 56(a)3, "[t]he Court may also consider the allegations of the verified complaint in reviewing the motion for summary judgment"). But here, Plaintiff's Complaint is not verified because it was not "made under the penalty of perjury." *See* 28 U.S.C. § 1746.

The Bureau of Prisons ("BOP") uses a database called SENTRY to maintain inmate records. ECF No. 17-1, ¶ 1. Those records include a complete history of all administrative remedy filings made by inmates. *Id.* According to the SENTRY database, Plaintiff has not filed any administrative remedies while in BOP custody. *Id.* ¶ 4; *see also* ECF No. 17-10 (SENTRY records showing "no remedy data exists for this inmate." (caps omitted)).

**Standard of Review**

Defendant filed the instant motion *before* filing an answer. Thus, the Court first addresses whether Defendant is permitted to seek summary judgment prior to filing his answer or otherwise engaging in any discovery. "When a party has not had any opportunity for discovery, summary judgment is generally premature." *Elliott v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023) (emphasis omitted). "Indeed, 'summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). As such, "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000).

However, if a plaintiff fails to object to any material facts in a defendant's Rule 56(a)1 statement and does not invoke Fed. R. Civ. P. 56(d)[3] as grounds for denying the motion for summary judgment or deferring a ruling on it, a defendant's pre-answer motion for summary judgment will be properly before the Court. *See Berry v. Golden*, No. 3:24-CV-292 (KAD), 2024 WL 4388156, at *4 (D. Conn. Oct. 3, 2024). Because Plaintiff has not objected to any material

[3] Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion [for summary judgment] or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

facts in Defendant's Rule 56(a)1 statement or invoked Rule 56(d), the Court may properly consider the instant motion.

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113–14 (2d Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). Which facts are material is determined by the substantive law. *Anderson*, 477 U.S. at 248. "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense. . . ." *Giordano v. Market Am., Inc*., 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). The nonmoving party cannot "rely on conclusory allegations or unsubstantiated speculation" but "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (internal quotation marks omitted).

The Court resolves all ambiguities and draws all permissible factual inferences in favor of the non-moving party. *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012). But "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

**Discussion**

Defendant seeks summary judgment on the grounds that, *inter alia*, Plaintiff failed to exhaust his administrative remedies before filing his Complaint. ECF No. 17, at 1.[4]

The Prison Litigation Reform Act ("PLRA") requires a prisoner pursuing a federal lawsuit regarding prison conditions to exhaust all available administrative remedies before filing suit. *See* 42 U.S.C. § 1997e(a) ( "No action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Critically, the PLRA requires "proper exhaustion," *i.e.*, the inmate must use all steps required by the administrative review process applicable to the institution in which he is confined and do so properly. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (exhaustion necessitates "using all steps that the [government] agency holds out and doing so properly"). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador*, 655 F.3d at 96; *see also Jones*, 549 U.S. at 211. Moreover, prisoners "cannot satisfy the PLRA's exhaustion requirement solely by . . . making informal complaints" to prison officials. *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007); *see also Day v. Chaplin*, 354 F. App'x 472, 474 (2d Cir.

---

[4] Defendant also asserts that summary judgment as to the merits of Plaintiff's claim is appropriate. Because the Court agrees that Plaintiff failed to exhaust his administrative remedies, the Court need not and therefore does not consider this alternative basis for summary judgment. *See*, *e.g.*, *Rodriguez v. Machinski*, No. 3:23-CV-306 (VAB), 2024 WL 4871642, at *9 (D. Conn. Nov. 22, 2024) (declining to consider merits on summary judgment because plaintiff failed to exhaust administrative remedies).

2009) (summary order) (affirming grant of summary judgment for failure to exhaust administrative remedies and stating that informal letters sent to prison officials "do not conform to the proper administrative remedy procedures"); *Timmons v. Schriro*, No. 14-CV-6606 (RJS), 2015 WL 3901637, at *3 (S.D.N.Y. June 23, 2015) (Sullivan, J.) ("[T]he law is well-settled that informal means of communicating and pursuing a grievance, even with senior prison officials, are not sufficient under the PLRA.").

The requirement for proper exhaustion is not met if a grievance is not filed in accordance with the deadlines established by the administrative remedy policy of the institution. *Jones*, 549 U.S. at 217–18 (citing *Woodford*, 548 U.S. at 93–95). In addition, exhaustion of administrative remedies must be completed *before* the inmate files suit. *Baez v. Kahanowicz*, 278 F. App'x 27, 29 (2d Cir. 2008) (summary order).

An inmate's failure to exhaust administrative remedies will only be excused if the remedies are in fact unavailable. *See Ross v. Blake*, 578 U.S. 632, 635 (2016). "[A]vailability" in this context means that "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (quotation marks and internal citations omitted). In *Ross*, the Supreme Court identified three circumstances in which a court may find that internal administrative remedies are not available to prisoners under the PLRA. *Id.* at 643–44. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 643. "Next, an administrative remedy scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* Finally, an administrative remedy is not "available" when "prison administrators

thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.*

Failure to exhaust administrative remedies, as asserted here, is an affirmative defense. *See Jones*, 549 U.S. at 216. Thus, the defendant "bear[s] the initial burden of establishing . . . that a grievance process exists and applies to the underlying dispute." *Hubbs v. Suffolk Cnty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015). Once the defendant puts forth evidence that administrative remedies were not exhausted before the plaintiff commenced the action, the plaintiff must put forth evidence that administrative remedy procedures were not available to him under *Ross*, or evidence that he did, in fact, exhaust his administrative remedies. *Quint v. Martin*, No. 3:21-CV-1695 (KAD), 2025 WL 1616625, at *5 (D. Conn. June 6, 2025); *Saunders v. Jarrin*, No. 24-CV-54 (SFR), 2025 WL 2783581, at *5 (D. Conn. Sept. 30, 2025) (same).

Under BOP's Administrative Remedy Program, an inmate must first try to resolve the issue informally with prison staff. 28 C.F.R. § 542.13. From there, if the issue is not resolved, the inmate may submit a request on the "BP-9" form to the Warden. 28 C.F.R. § 542.14. If the inmate is dissatisfied with the Warden's response, he may appeal to the appropriate BOP Regional Director on form "BP-10." 28 C.F.R. § 542.15(a). If the inmate still is dissatisfied, he may appeal to the Office of General Counsel ("OGC") using form "BP-11." *Id.* All requests and appeals are considered filed on the date they are logged into SENTRY as received. 28 C.F.R. § 542.18. An administrative appeal is deemed finally exhausted when it has been considered by the OGC in the BOP Central Office. *See* 28 C.F.R. § 542.15; *see also South v. Licon-Vitale*, 3:19-CV-1763 (VLB), 2020 WL 3064320, at *1 (D. Conn. June 9, 2020).

As relevant here, mandatory exhaustion of BOP administrative remedies applies to a claim for deliberate indifference to medical needs. *See, e.g.*, *Macias*, 495 F.3d at 40 (recognizing the

prisoner's obligation to exhaust remedies under the PLRA before bringing a *Bivens* claim for deliberate indifference to medical needs); *Baez v. Parks*, No. 02-CV-5821 (DF), 2004 WL 1052779, at *4 (S.D.N.Y. May 11, 2004) (deliberate indifference claim may proceed only if inmate has exhausted administrative remedies); *Owusu v. Fed. Bureau of Prisons*, No. 02-CV-915 (NRB), 2003 WL 68031 (S.D.N.Y. Jan. 7, 2003) (noting plaintiff prisoner was required to exhaust his available remedies under the PLRA before bringing his *Bivens* claim).

The facts deemed admitted, and the uncontested evidence demonstrates that Plaintiff "has not filed any requests for administrative remedy while in federal custody." ECF No. 17-1, ¶ 4. As such, Plaintiff necessarily did not follow the steps set forth under BOP's Administrative Remedy Program regarding his medical treatment. As such, there is no genuine dispute of material fact as to whether Plaintiff properly exhausted his administrative remedies. He did not. *See Taveras v. Semple*, No. 3:15-CV-531 (SALM), 2023 WL 112848, at *9 (D. Conn. Jan. 5, 2023) (Merriam, J.) (concluding that defendants "provided undisputed evidence establishing that plaintiff failed to exhaust his administrative remedies" because grievance log showed plaintiff filed no grievances related to the incidents in question). And insofar as Plaintiff failed to respond to the instant motion, nor is there any basis upon which to conclude that such remedies were "unavailable" to him as contemplated under *Ross.*

**Conclusion**

For the foregoing reasons, the Motion for Summary Judgment (ECF No. 17) is GRANTED. The Clerk of Court is directed enter judgment in favor of Defendant and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 20th day of August, 2026.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE